1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    JILL M. PIETRINI (Cal. Bar No. 138335)
2      jpietrini@sheppardmullin.com
    PAUL A. BOST (Cal. Bar No. 261531)
3      pbost@sheppardmullin.com
    1901 Avenue of the Stars, Suite 1600
4   Los Angeles, California  90067-6017
    Telephone:  (310) 228-3700
5   Facsimile:   (310) 228-3701

6   Attorneys for Plaintiff
    Plaintiff JAMES TODD SMITH
7

8                 UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
10

11  JAMES TODD SMITH, an individual,        | Case No. 2:18-cv-9902

12                Plaintiff,                 | **COMPLAINT FOR TRADEMARK
                                             | INFRINGEMENT; FALSE
13       v.                                  | DESIGNATION OF ORIGIN,
                                             | AFFILIATION, OR ASSOCIATION;
14                                           | CYBERPIRACY; AND UNFAIR
    GUERILLA UNION, INC., a                  | COMPETITION**
15  suspended California corporation; and
    DOES 1-10, inclusive,                    | **DEMAND FOR JURY TRIAL**
16
                  Defendant.
17

18

19          Plaintiff James Todd Smith ("Plaintiff") hereby files his complaint against

20  defendant Guerilla Union, Inc. ("Defendant") and Does 1-10, and alleges as follows:

21                            **JURISDICTION**

22          1.      This action arises under the trademark and anti-dilution laws of the

23  United States, 15 U.S.C. § 1051, et seq., and under the statutory and common law of

24  unfair competition.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and

25  1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.

26          2.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case

27  because Plaintiff resides in this District, and, on information and belief, Defendant is
28

1   subject to personal jurisdiction in this District and/or a substantial part of the events

2   or omissions giving rise to the instant claims occurred in this District.

3                                               **PARTIES**

4          3.     Plaintiff James Todd Smith, known professionally as LL Cool J, is an

5   individual residing in Los Angeles, California.

6          4.     On information and belief, Defendant is a California corporation that

7   has been suspended by the California Secretary of State for its failure to pay

8   corporate taxes to the California Franchise Tax Board.  Attached as **Exhibit A** are

9   true and correct pages from the California Secretary of State website's business

10  search landing page showing the status of Defendant.  On information and belief,

11  Defendant has its principal place of business in Encino, California.

12         5.     Defendant is subject to personal jurisdiction in this District because it

13  does business in the District and/or the claims arose in this District.

14         6.     The true names, identities and capacities, whether individual,

15  associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each

16  of them ("the DOE Defendants"), are unknown to United Artists at this time, who

17  therefore sues the DOE Defendants by such fictitious names.  When the true names

18  and capacities or participation of the DOE Defendants are ascertained, United

19  Artists will amend this complaint to assert the true names, identities and capacities.

20  United Artists is informed and believes and thereon alleges that each of the DOE

21  Defendants sued herein is responsible for the wrongful acts alleged herein, and is

22  therefore liable to United Artists in some manner for the events and happenings

23  alleged in this complaint.  United Artists is informed and believes and thereon

24  alleges that at all times herein mentioned, the DOE Defendants were and are doing

25  business and/or residing in this District.

26                                               **FACTS**

27  **A.     Plaintiff and His Rights in the ROCK THE BELLS Trademark**

28         7.     Plaintiff is a globally-recognized rapper, musician, actor, and author.

He is known for numerous hit songs, including, as pertinent to this dispute, "Rock The Bells," which was first released in 1985. "Rock the Bells," co-written by Plaintiff and Rick Rubin, was the third single from Plaintiff's 1985 debut album, *Radio*. Plaintiff's *Radio* album was certified Gold by the Recording Industry Association of America ("RIAA") in 1986, and Platinum in 1988. "Rock the Bells" is also included on Plaintiff's greatest hits compilations albums *All World: The Greatest Hits* and *All World 2*, the former of which was certified Platinum in 2001. "Rock The Bells" was designated as one of "The 50 Greatest Hip-Hop Songs of All Time" in *Rolling Stone* magazine. "Rock The Bells" was also sampled in one of Plaintiff's most famous songs, "Mama Said Knock You Out." The introduction of "Rock the Bells" was famously parodied by English soccer player John Barnes for his 1988 single "Anfield Rap." The song was also featured in the 2002 video game *Mat Hoffman's Pro BMX 2*, the 2008 video game *Skate It*, and the 2009 video game *Skate 2*. The song was used in the video game *DJ Hero* in which it was mixed with The Verve's famous song "Bittersweet Symphony." Attached as **Exhibit B** are true and correct printouts from numerous websites evidencing the fame of Plaintiff's "Rock The Bells" song, and Plaintiff as a multi-talented entertainer with more than 30 years in the music, film, and television businesses. Also, on or around January 29, 1998, Plaintiff formed Rock the Bells Entertainment, Inc., a New York business corporation. Based on the foregoing, Plaintiff's "Rock the Bells" song has acquired distinctiveness and significant secondary meaning, such that Plaintiff owns trademark rights in ROCK THE BELLS.

8.     In addition to the foregoing, Plaintiff, beginning on or around March 2018, launched ROCK THE BELLS RADIO, a classic hip-hop channel on SiriusXM. A press release issued by SiriusXM announcing the launch of the show is attached hereto as **Exhibit C**.

9.     On information and belief, Plaintiff used the ROCK THE BELLS mark in commerce before Defendant's first use in commerce of ROCK THE

BELLS.

10.    Plaintiff filed the following applications to register the trademarks ROCK THE BELLS, ROCK THE BELLS MUSIC GROUP, and ROCK THE BELLS RADIO (the "ROCK THE BELLS Marks") for the following goods and services with the U.S. Patent & Trademark Office ("PTO"):

| Mark | Serial No. | Goods and Services/Class |
|------|-----------|--------------------------|
|  | 87/734,515 | Radio communications; radiobroadcasting; radio broadcasting information; mobile radiocommunication; telephone broadcasting services; radio broadcasting of information; transmission of radio and television programs by satellite, cable, mobile devices, and internet in Class 38 |
|  | 87/734,543 | Radio entertainment production; radio program syndication; production and distribution of radio programs; production and distribution of television programs; entertainment in the nature of live radio personality performances; provision of information relating to television, motion picture film, audio and radio productions; entertainment services, namely, providing on going radio programs in the field of music and entertainment; entertainment information in Class 41 |
| ROCK THE BELLS | 87/805,630 | Entertainment services in the nature of live musical performances; entertainment information; entertainment services in the nature of providing information regarding musical groups, musicians, musical sound recordings, music videos, and music, and information regarding licensed merchandise exclusively for non-business and non-commercial transactions and purposes, via a website; |

| Mark | Serial No. | Goods and Services/Class |
|------|-----------|--------------------------|
| | | entertainment, namely, personal appearances by musicians, musical groups, actors, or other entertainers; music publishing services; production and distribution of musical audio and video recordings; music composition services for others; song writing services; entertainment services, namely, providing live entertainment by musicians and actors via the internet; entertainment services, namely, providing a website featuring live musical performances; entertainment services, namely, providing a website featuring non-downloadable audio and video recordings of performances from music and film festivals; organization and production of music and film festivals for entertainment or cultural purposes; providing online computer games; fan club services; online journals, namely, blogs in the fields of music, films, television programs, and entertainment events in the nature of music concerts, film festivals, or personal appearances by musicians, actors or authors; record production services in Class 41 |
| ROCK THE BELLS | 87/805,517 | Computer storage devices, namely, flash drives sold blank and with pre-recorded content featuring music; digital media, namely, pre-recorded DVDs and CDs, downloadable audio recordings, and downloadable video recordings, all featuring music or performances by musicians; downloadable electronic publications in the nature of books, booklets, magazines, journals, brochures, pamphlets and newsletters, all in the field |

| Mark | Serial No. | Goods and Services/Class |
|---|---|---|
| | | of/ music; electronic game programs; eyewear; eyewear cases; headphones; earphones; musical sound recordings; musical video recordings in Class 9 |
| ROCK THE BELLS | 87/805,551 | Art papers; art pictures; autograph books; binders; bookmarks; calendars; concert programs; decals; non-magnetically encoded gift cards; gift wrapping paper; greeting cards; lithographs; notebooks; paper bags; paper banners; paper coasters; printed paper door hangers; paper emblems; paper flags; paper party supplies, namely, paper decorations, paper ornaments, paper tablecloths, paper place mats, paper napkins, and paper goodie bags; pencil cases; photograph albums; post cards; poster books; posters; publications, namely, books and magazines in the fields of music, radio, television, and entertainment; scrapbook albums; printed sheet music; song books; souvenir programs concerning entertainment events relating to films or music; stationery; stickers; temporary tattoo transfers; tour books relating to musical performances; collectible trading cards; writing instruments in Class 16 |
| ROCK THE BELLS | 87/805,579 | All-purpose carrying cases; backpacks; beach bags; business card cases; clips that attach to the outside of bags or purses as a decorative accessory; coin purses; cosmetic or toiletry bags sold empty; duffel bags; fitness bags; leather credit card holders; leather cases in the nature of wallets incorporating cases for mobile phones and computing devices; luggage handle wraps; luggage tags; messenger bags; pet clothing; pet collars; purses; reusable shopping bags; tote |

| Mark | Serial No. | Goods and Services/Class |
|---|---|---|
| | | bags; umbrellas; wallets; wine bottle tote bags in Class 18 |
| ROCK THE BELLS | 87/805,599 | Clothing, namely, bandanas, beach cover-ups, cardigans, culottes, dresses, infantwear, jackets, jeans, jerseys, leggings, loungewear, neckwear, overalls, pants, ponchos, robes, shirts, shorts, skirts, skorts, sleepwear, socks, suits, suspenders, sweat bands, sweaters, sweatpants, sweatshirts, swimwear, tank tops, track pants, t-shirts, undergarments, vests, and windshirts; belts; footwear; headwear; wristbands as clothing made of cloth, leather or imitation leather in Class 25 |
| ROCK THE BELLS MUSIC GROUP | 86/488,674 | Entertainment services in the nature of live musical performances; entertainment services in the nature of providing information regarding musical groups, musicians, musical sound recordings, music videos, and music via a website; entertainment, namely, personal appearances by musicians, musical groups, or actors; music publishing services; production and distribution of musical audio and video recordings; music composition services for others; song writing services; providing a website featuring live musical performances, music, and entertainment festivals; organization and production of entertainment festivals; fan club services; and blogs in the fields of music, musicians, films, television programs, and entertainment events; record production services in Class 41 |
| ROCK THE BELLS MUSIC GROUP | 86/488,672 | Computer storage devices, namely, flash drives sold blank and with pre-recorded content featuring music; digital media, |

| Mark | Serial No. | Goods and Services/Class |
|------|-----------|--------------------------|
| | | namely, pre-recorded DVDs and CDs, downloadable audio recordings, and downloadable video recordings, all featuring music or performances by musicians; downloadable electronic publications in the nature of books, booklets, magazines, journals, brochures, pamphlets and newsletters, all in the field of music; electronic game programs; eyewear; eyewear cases; headphones; earphones; musical sound recordings; musical video recordings in Class 9 |
| ROCK THE BELLS RADIO | 87/415,930 | Radio entertainment production; radio program syndication; production and distribution of radio programs; production and distribution of television programs; entertainment in the nature of live radio personality performances; provision of information relating to television, motion picture film, audio and radio productions; entertainment services, namely, providing an ongoing radio program in the field of music and entertainment in Class 41 |
| ROCK THE BELLS RADIO | 87/415,875 | Radio communications; radio broadcasting; radio broadcasting information; mobile radio communication; telephone broadcasting services; radio broadcasting of information; transmission of radio and television programs by satellite; cable, mobile devices, and internet in Class 38 |

The majority of the applications have been allowed by the PTO, or are pending allowance by the PTO.   Statements of Use have been filed for the applications to register ROCK THE BELLS RADIO, and registrations of such mark should issue from the PTO reasonably soon.

**B.** **Defendant, Defendant's Registrations of the ROCK THE BELLS Trademark, the Cancellation of Defendant's Registrations, and Defendant's Continued Use of the ROCK THE BELLS Trademark**

11.    On information and belief, Defendant was or is a concert promoter.

12.    Defendant owned three registrations of ROCK THE BELLS on the Principal Register of the PTO.  Each of these registrations has been canceled.

13.    On or around August 2, 2004, and without the permission or knowledge of Plaintiff, Chang Weisberg – on information and belief, Defendant's founder – filed an application to register ROCK THE BELLS with the PTO for "entertainment services, namely, a live music concert and music event featuring hip hop music and hip hop artists" in Class 41.  On or around January 31, 2006, this application matured to registration, specifically, Reg. No. 3,052,465 (the "465 Registration").  On or around May 11, 2009, the 465 Registration was assigned to Defendant.

14.    On or around April 6, 2017, Plaintiff petitioned the Trademark Trial & Appeal Board ("TTAB") of the PTO to cancel the 465 Registration on the grounds that Defendant had abandoned use of the ROCK THE BELLS mark for the services identified in the 465 Registration and that Defendant had fraudulently obtained renewal of the 465 Registration.

15.    On or around August 7, 2017, the TTAB entered judgment by default against Defendant and canceled the 465 Registration.  A true and correct copy of the TTAB's order is attached hereto as **Exhibit D**.  Defendant did not appeal the TTAB's decision.

16.    On or around March 23, 2007, and without the permission or knowledge of Plaintiff, Mr. Weisberg filed an application to register ROCK THE BELLS & Design with the PTO for "souvenir merchandise related to a live musical concert festival and tour, namely, souvenir program guides, non-fiction books and non-fiction photo books; 2-dimensional and 3-dimensional pictures and photographs of artist and performers on tour with the festival, namely, pictures,

1  photographs, art prints, color prints and event albums; posters; paper banners;
2  stickers; calendars; tour schedules, namely, printed informational cards featuring a
3  list of live concert performance dates for a live musical festival and tour; trading
4  cards; notebooks; temporary tattoos; catalogs in the field of live musical festival
5  and tour souvenir products; magazines featuring information about and interviews
6  with musical performers in a live musical festival and tour and information about a
7  live musical festival and tour" in Class 16; "men's, women's, and children's
8  clothing, namely, t-shirts, tank tops, sweaters, sweatshirts, sweat pants, jerseys,
9  jackets, caps, shirts, bandanas and other headwear, underwear and lounge wear" in
10 Class 25, and "streaming of audio and video material on the Internet" in Class 38.
11 This application was assigned to Defendant on or around May 11, 2009 and, on
12 May 19, 2009, matured to registration, specifically, Reg. No. 3,623,506 (the "506
13 Registration").

14      17.   On or around December 25, 2015, the 506 Registration was canceled
15 in due course for Defendant's failure to timely file an affidavit pursuant to 15
16 U.S.C. § 1058.

17      18.   On or around June 20, 2008, and without the permission or knowledge
18 of Plaintiff, Defendant filed an application to register ROCK THE BELLS with the
19 PTO for "computer storage devices, namely, flash drives containing prerecorded
20 audio and audiovisual content; audio and audiovisual recordings featuring music
21 and musical entertainment; pre-recorded audio and video discs, DVDs, all featuring
22 music; motion picture films featuring musical performances" in Class 9; "printed
23 materials, namely, printed souvenir programs and guides related to live musical
24 concerts and events; posters; stickers; tour schedules, namely, printed informational
25 cards featuring a list of live concert performance dates for a live musical festival
26 and tour" in Class 16; "headgear, namely, hats, caps, bandanas; men's, women's,
27 and children's clothing, namely, t-shirts, tank tops, sweatshirts" in class 25;
28 "streaming of audio and audiovisual material on the Internet; transmission of audio

1    and audiovisual recordings featuring music and musical based entertainment via

2    telecommunications networks; digital transmission of musical sound and video

3    recordings via telecommunications networks" in Class 38; and "entertainment in

4    the nature of live musical performances; organization of exhibitions for cultural or

5    educational purposes; entertainment services, namely, live music concerts and

6    events featuring live musical performances; arranging and conducting of concerts

7    and live music events; concert booking; production of musical audio and

8    audiovisual recordings; music production; television production; record production;

9    production of audio and audiovisual recordings featuring live musical

10   performances; production of reality and documentary television programs featuring

11   live musical performances; providing a website featuring entertainment information

12   on musical artists, musical concert tours and events, sound recordings, and other

13   music-based entertainment content and information" in Class 41.  On February 8,

14   2011, this application matured to registration, specifically, Reg. No. 3,917,468 (the

15   "468 Registration").

16        19.    On or around October 10, 2017, Plaintiff petitioned the TTAB to

17   cancel the 468 Registration on the grounds that Defendant had abandoned use of the

18   ROCK THE BELLS mark for the services identified in the 468 Registration, that

19   Defendant had fraudulently obtained renewal of the 468 Registration, and that the

20   ROCK THE BELLS mark falsely suggested a connection with Plaintiff.

21        20.    On or around February 18, 2018, the TTAB entered judgment by

22   default against Defendant and canceled the 468 Registration.  A true and correct

23   copy of the TTAB's order is attached hereto as **Exhibit E**.  Defendant did not

24   appeal the TTAB's decision.

25        21.    As Plaintiff alleged in its petitions to cancel the 465 Registration and

26   the 468 Registration, Defendant has ceased use of, and abandoned any rights it

27   claimed to have in, the ROCK THE BELLS mark for the goods and services

28   identified in the 465 Registration and 468 Registration.

22.     Despite the foregoing, Defendant is still making limited, passive use of its ROCK THE BELLS mark without Plaintiff's permission or authorization. Specifically, Defendant continues to maintain a parked website on the domain name <rockthebells.net>.  A true and correct printout of <rockthebells.net> is attached hereto as **Exhibit F**, and a true and correct printout of the Whois results for <rockthebells.net> and reflecting Defendant's registration of the domain name is attached hereto as **Exhibit G**.

23.     Likewise, Defendant continues to use the ROCK THE BELLS mark for social media account names and handles.  Specifically, Defendant maintains the Twitter handle @rockthebells, i.e., <twitter.com/rockthebells>, the "Rock the Bells Festival" Facebook account, i.e., <facebook.com/rockthebellsfestival>, and "Rock the Bells" MySpace account, i.e., <myspace.com/rockthebells>.

24.     On or around June 12, 2018, Plaintiff sent a letter to Defendant requesting the transfer of the domain name <rockthebells.net> and the aforementioned social media account names and handles.  Having received no response to his June 12, 2018 letter, Plaintiff sent two follow up letters to Defendant on July 3, 2018 and July 30, 2018.  True and correct copies of such letters are attached hereto collectively as **Exhibit H**.  To date, Defendant has not responded to or confirmed receipt of any of Plaintiff's letters.

## FIRST CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. § 1125(a) and Common Law)

25.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24, above, as though fully set forth herein.

26.     Defendant is using in commerce, without Plaintiff' permission or authorization, the ROCK THE BELLS mark or marks confusingly similar thereto in a manner that is likely to cause confusion with respect to the source and origin of Defendant's goods or services and is likely to cause confusion or mistake and to deceive purchasers as to Plaintiff's affiliation, connection, or association with, or

1    approval or sponsorship of, Defendant, its businesses, and/or its services.

2         27.    Defendant's acts constitute infringement of the ROCK THE BELLS

3    mark in violation of 15 U.S.C. § 1125(a) and the common law.

4         28.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff

5    has suffered and continues to suffer and/or is likely to suffer damage to his

6    trademarks, business reputation, and goodwill.  Defendant will continue to use,

7    unless restrained, the ROCK THE BELLS mark or marks confusingly similar

8    thereto, and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate

9    remedy at law and is entitled to an injunction restraining Defendant and, as

10   applicable, its officers, members, agents, servants, and employees, and all persons

11   acting in concert with them, from engaging in further acts of infringement.

12        29.    Plaintiff is further entitled to recover from Defendant the actual

13   damages that Plaintiff has sustained, is sustaining, and/or is likely to sustain as a

14   result of Defendant's wrongful acts.

15        30.    Plaintiff is further entitled to recover from Defendants the gains,

16   profits, and advantages that Defendant has obtained as a result of its wrongful acts.

17        31.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is

18   entitled to an award of punitive damages under the common law, and treble

19   damages and increased profits under 15 U.S.C. § 1117.

20        32.    Plaintiff is entitled to recover his costs of suit and also his attorneys'

21   fees pursuant to 15 U.S.C. § 1117 because this is an exceptional case.

22                          **SECOND CAUSE OF ACTION**

23   **(False Designation of Origin, Affiliation, or Association – 15 U.S.C. § 1125(a))**

24        33.    Plaintiff repeats and realleges each and every allegation of paragraphs

25   1 through 32, above, as though fully set forth herein.

26        34.    Defendant's unauthorized use of the ROCK THE BELLS mark or

27   marks confusingly similar thereto in conjunction with Defendant's businesses and

28   its offering of goods or services, Defendant's false designation of origin, and

Defendant's false and misleading descriptions and representations of fact, as alleged herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or services or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125(a).

35.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, business reputation, and goodwill.  Defendant will continue, unless restrained, to conduct its business and offer goods and services using the ROCK THE BELLS mark or other trademarks confusingly similar thereto and will cause irreparable damage to Plaintiff.   Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin, affiliation, or sponsorship.

36.    Plaintiff is further entitled to recover from Defendant the actual damages that Plaintiff has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendant's acts of false designation of origin, affiliation or endorsement.

37.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant hs obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of false designation of origin, affiliation, or endorsement.

38.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

39.     Plaintiff is entitled to recover his costs of suit and also his attorneys' fees pursuant to 15 U.S.C. § 1117 because this is an exceptional case.

### THIRD CAUSE OF ACTION

### (Cyberpiracy – 15 U.S.C. § 1125(d))

40.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39, above, as though fully set forth herein.

41.     Defendant used and is using the ROCK THE BELLS mark with a bad faith intent to profit from Plaintiff's ROCK THE BELLS mark.

42.     Defendant registered and is using the domain name www.rockthebells.net, which is confusingly similar to Plaintiff's ROCK THE BELLS mark.

43.     As of the date Defendant registered and began using the domain name www.rockthebells.net, Plaintiff's ROCK THE BELLS mark was distinctive.

44.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, business reputation, and goodwill.  Defendant will continue, unless restrained, to conduct its business and offer services using the ROCK THE BELLS mark or other trademarks confusingly similar thereto and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of cyberpiracy, and is also entitled to an order transferring the domain name www.rockthebells.net to Plaintiff.

45.     Plaintiff is further entitled to recover from Defendant the actual damages that Plaintiff has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of Defendant's acts of cyberpiracy.

46.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of cyberpiracy.

47.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

48.     Plaintiff is entitled to recover his costs of suit and also his attorneys' fees pursuant to 15 U.S.C. § 1117 because this is an exceptional case.

## FOURTH CAUSE OF ACTION

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 and Common Law)**

49.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 48, above, as though fully set forth herein.

50.     By reason of the foregoing, Defendant has been, and is, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 *et seq.* of the California Bus. & Prof. Code and acts of unfair competition in violation of the common law.

51.     Defendant's acts complained of herein have injured and will continue to injure Plaintiff irreparably.  Plaintiff has no adequate remedy at law for these wrongs and injuries.  The injury to Plaintiff includes harm to his ROCK THE BELLS mark, goodwill, and reputation in the marketplace that money cannot compensate.  Plaintiff is therefore entitled to:  (a) injunctive relief restraining and enjoining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using the ROCK THE BELLS mark or any mark, name, symbol, or logo which is confusingly similar thereto, in connection with the marketing or sale of any goods or services by Defendant; (b) Plaintiff's actual damages sustained as a result of Defendant's wrongful acts; (c) restitution of Defendant's profits earned

1 | from its unauthorized use of the ROCK THE BELLS mark or any mark, name,
2 | symbol, or logo confusingly similar thereto, in which profits Plaintiff has a vested
3 | interest; (d) the award of Defendant's unjust profits, as well as sums sufficient to
4 | compensate Plaintiff for all harm suffered as a result of Defendant's conduct; and
5 | (e) punitive damages.

### **PRAYER FOR RELIEF**

7 |     WHEREFORE, Plaintiff prays that this Court enter judgment against
8 | Defendant as follows:

9 |     1.    Finding that Defendant has:  infringed Plaintiff's ROCK THE BELLS
10 | mark under 15 U.S.C. § 1125(a) and the common law; violated 15 U.S.C. §
11 | 1125(a); violated 15 U.S.C. § 1125(d); and violated Cal. Bus. & Prof. Code §
12 | 17200 and the common law by engaging in unlawful, unfair, and fraudulent
13 | business practices;

14 |     2.    Ordering that Defendant and, as applicable, its officers, agents,
15 | servants, directors, employees, servants, partners, representatives, assigns,
16 | successors, related companies, and attorneys and all persons in active concert or
17 | participation with Defendant or with any of the foregoing be enjoined preliminarily
18 | during the pendency of this action and permanently thereafter from:

19 |     a.    Manufacturing, transporting, promoting, importing,
20 | advertising, publicizing, distributing, offering for sale, or selling any goods or
21 | services offered under the ROCK THE BELLS Marks or any other mark, name,
22 | symbol, or logo, which is likely to cause confusion or to cause mistake or to
23 | deceive persons into the erroneous belief that any goods or services that Defendant
24 | caused to enter the stream of commerce or any of Defendant's commercial
25 | activities are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are
26 | connected or affiliated in some way with Plaintiff or his ROCK THE BELLS
27 | Marks;

28 |     b.    Manufacturing, transporting, promoting, importing,

advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the ROCK THE BELLS Marks or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to Plaintiff's ROCK THE BELLS Marks;

        c.     Implying Plaintiff's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's goods, services, or commercial activities or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with or injuring the ROCK THE BELLS Marks or the goodwill associated therewith;

        d.     Representing or implying that Defendant is in any way sponsored by, affiliated with, or licensed by Plaintiff; or

        e.     Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (d) above.

3.     Ordering that Plaintiff is the exclusive owner of the ROCK THE BELLS Marks and that such marks are valid and protectable;

4.     Ordering that Defendant be required to deliver to Plaintiff for destruction any and all packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of its possession, custody, or control bearing the ROCK THE BELLS Marks or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the ROCK THE BELLS Marks;

5.     Ordering that Defendant transfer to Plaintiff the <rockthebells.net> domain name or any other domain name registered to Defendant that includes, or is confusingly similar to, the ROCK THE BELLS Marks;

6.     Ordering that Defendant transfer to Plaintiff the Twitter handle @rockthebells, i.e., <twitter.com/rockthebells>, the "Rock the Bells Festival"

Facebook account, i.e., <facebook.com/rockthebellsfestival>, and "Rock the Bells" MySpace account, i.e., <myspace.com/rockthebells>, or any other social media handle, account, or username registered to Defendant that includes or is confusingly similar to the ROCK THE BELLS Marks;

7.     Granting an award of damages suffered by Plaintiff according to proof at the time of trial;

8.     Ordering that Defendant account to Plaintiff for any and all profits earned as a result of Defendant's acts of infringement in violation of Plaintiff's rights under the Lanham Act, Cal. Bus. & Prof. Code §§ 14247, 17200, et seq., and the common law;

9.     Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

10.     Ordering restitution of Defendant's profits earned from its unauthorized use of the ROCK THE BELLS mark or any mark, name, symbol, or logo confusingly similar thereto, in which profits Plaintiff has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;

11.     Granting an award of punitive damages for the willful and wanton nature of Defendant's aforesaid acts;

12.     For pre-judgment interest on any recovery by Plaintiff;

13.     Granting an award of Plaintiff's costs, expenses, and reasonable attorneys' fees; and

/ / /

/ / /

/ / /

/ / /

1      14.    Granting such other and further relief as is just and proper.

2                                    Respectfully submitted,

3                                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

4

5    Dated:  November 27, 2018        By: /s/Jill M. Pietrini

6                                          Jill M. Pietrini
                                           Paul A. Bost
7
                                        Attorneys for Plaintiff
8                                       JAMES TODD SMITH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | **JURY DEMAND** |
| 2 | Plaintiff demands a trial by jury of all issues triable by jury. |
| 3 | Respectfully submitted, |
| 4 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 5 | |
| 6 | Dated:  November 27, 2018          By: /s/Jill M. Pietrini |

Jill M. Pietrini
Paul A. Bost

Attorneys for Plaintiff
JAMES TODD SMITH

SMRH:488306482.3