UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TODD SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GUERILLA UNION, INC., a suspended California corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:18-cv-9902 DSF (AGRx)<br><br>**JUDGMENT** |

The Court, having granted Plaintiff's Motion for Default Judgment:

IT IS ORDERED that judgment is entered for Plaintiff and against Defendant Guerilla Union, Inc.;

IT IS ORDERED and the Court finds that Plaintiff is the exclusive owner of the ROCK THE BELLS, ROCK THE BELLS MUSIC GROUP, and ROCK THE BELLS RADIO marks (RTB Marks) and that the RTB Marks are valid and protectable;

IT IS ORDERED that Defendant and, as applicable, its officers, agents, servants, directors, employees, partners, representatives, assigns, successors, related companies, and attorneys and all persons in active concert or participation with

Defendant or with any of the foregoing be permanently enjoined and restrained from:

    a.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the RTB Marks, or any other mark, name, symbol, or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendant caused to enter the stream of commerce or any of Defendant's commercial activities are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or his Marks;

    b.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the RTB Marks or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the RTB Marks;

    c.    Implying Plaintiff's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's goods, services, or commercial activities or engaging in any act or series of acts which, either alone or in combination, constitute unfair methods of competition with Plaintiff and from otherwise interfering with or injuring the RTB Marks or the goodwill associated therewith;

    d.    Representing or implying that Defendant is in any way sponsored by, affiliated with, or licensed by Plaintiff; or

    e.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) to (d) above;

    IT IS ORDERED that, by May 10, 2019, Defendant is to deliver to Plaintiff for destruction all items in Defendant's possession bearing the RTB Marks or any logo that is confusingly similar to the RTB Marks;

    IT IS ORDERED that, by May 10, 2019, Defendant provide Plaintiff with all

account administration, authorization, and information Defendant possesses concerning the <rockthebells.net> domain name (the Domain Name) – including, but not limited to, account user names and passwords – needed to enable Plaintiff to direct the transfer of the Domain Name to Plaintiff, and that Defendant cooperate with Plaintiff in obtaining the transfer;

IT IS ORDERED that, by May 10, 2019, Defendant provide Plaintiff with all account administration, authorization, and information Defendant possesses concerning the Twitter handle @rockthebells, i.e., <twitter.com/rockthebells>, the "Rock the Bells" Facebook account, i.e., <facebook.com/rockthebellsfestival>, and "Rock the Bells" MySpace account, i.e., <myspace.com/rockthebells> (the Social Media Accounts) – including, but not limited to, account user names and passwords – needed to enable Plaintiff to direct the transfer of the Social Media Accounts to Plaintiff, and that Defendant cooperate with Plaintiff in obtaining the transfer;

IT IS ORDERED that, by May 10, 2019, Defendant provide Plaintiff with all email addresses Defendant has collected from the Domain Name; and

IT IS ORDERED that if Defendant does not comply with this Judgment within the time frame provided or does not comply at all, Plaintiff may serve this order on (1) the domain name registrar for the Domain Name to have the registrar transfer the Domain Name to Plaintiff without Defendant's cooperation, and (2) all social media account operators and have all account information for the Social Media Accounts transferred to Plaintiff. Plaintiff may also move for contempt against Defendant to obtain compliance with this order and/or for sanctions against Defendant.

IT IS SO ORDERED.

DATED: April 23, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE